**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Rise48 Equity LLC,

          Plaintiff,

v.

Unknown Party,

          Defendant.

No. CV-26-03145-PHX-MTL

**ORDER**

This matter is before the Court on its own review of the record. Plaintiff Rise48 Equity LLC filed this action on May 5, 2026, asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332 "as the parties are believed to be diverse and the amount in controversy exceeds $75,000." (Doc. 1 ¶ 1.) Plaintiff alleges that it is a limited liability company and a "citizen of Arizona," but also alleges that "Defendant John Doe's citizenship is currently unknown but will be determined through discovery." (*Id.*)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by the Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (citation omitted). A federal court is presumed to lack jurisdiction unless the contrary affirmatively appears, and the burden of establishing jurisdiction rests on the party asserting it. *Id.* A court must *sua sponte* dismiss an action over which it lacks subject-matter jurisdiction. *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks

subject-matter jurisdiction, the court *must* dismiss the action." (emphasis added)).

Plaintiff's Complaint asserts only state-law claims for defamation, false light invasion of privacy, and tortious interference with business expectancy. (Doc. 1 ¶¶ 9–25.) The Complaint therefore does not establish federal question jurisdiction under 28 U.S.C. § 1331. Accordingly, for this Court to have subject matter jurisdiction, Plaintiff must establish diversity jurisdiction under 28 U.S.C. § 1332.

Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Based on the current record, Plaintiff has not alleged facts sufficient to permit the Court to determine whether complete diversity exists. First, Plaintiff alleges only that it is a limited liability company and a citizen of Arizona. But an LLC is a citizen of every state of which its members are citizens, and the Complaint does not identify Plaintiff's members or their citizenship. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Second, Plaintiff affirmatively alleges that Defendant John Doe's citizenship is unknown. Plaintiff therefore has not shown that the parties are completely diverse.

But Plaintiff bears the burden of affirmatively establishing federal jurisdiction, and the Complaint does not allege facts sufficient to permit the Court to infer that diversity jurisdiction exists. *Kokkonen*, 511 U.S. at 377. Where subject matter jurisdiction does not affirmatively appear from the face of the complaint, dismissal is appropriate. *See* Fed. R. Civ. P. 12(h)(3). Because Plaintiff has not established federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332, the Court lacks subject matter jurisdiction over this action and must dismiss it. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1381 (9th Cir. 1988) ("If jurisdiction was lacking, then the court's various orders, including that granting leave to amend the complaint, were nullities."); *Sepehry-Fard v. Countrywide Home Loans. Inc.*, No. 13-CV-05769-BLF, 2014 WL 2707738, at *5 (N.D. Cal. June 13, 2014) ("Although leave to amend should be freely granted, a plaintiff cannot create jurisdiction by amendment where jurisdiction did not exist at the outset of a case.").

- 2 -

**IT IS THEREFORE ORDERED** that this action is **dismissed** without prejudice for lack of subject matter jurisdiction. The Clerk of Court is directed to terminate this action.

Dated this 6th day of May, 2026.

Michael T. Liburdi
United States District Judge